AEE

FILED
JANUARY 24, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 542

JUDGE KENNELLY
MAGISTRATE JUDGE SCHENKIER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Hatem AYESH<br>A37 381 078 | )<br>)<br>) |
|     Petitioner. | )<br>) |
| vs. | )<br>)<br>) |
| U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT, JULIE L. MYERS, Assistant<br>Secretary; MICHAEL B. MUKASEY, United<br>States Attorney General; U.S. DEPARTMENT<br>OF STATE, Secretary Condoleezza RICE;<br>DEPARTMENT OF HOMELAND SECURITY,<br>Secretary Michael Chertoff | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
|     Respondents. | )<br>) |

**PETITION FOR WRIT OF HABEAS CORPUS and COMPLAINT FOR**

**DECLARATORY, MANDAMUS AND INJUNCTIVE RELIEF**

NOW COMES the Petitioner, HATEM AYESH, by and through his attorney, SAADIA SIDDIQUE of Kriezelman, Burton & Associates, LLC, and complaining of Respondents alleges as follows:

JURISDICTION

1. This Court has original jurisdiction to hear both civil actions arising under the Constitution of the United States and actions to compel an officer or employee of the United States or any agency thereof to perform a duty. 28 USC §1331 and §1361.

2. This action is brought to compel the Respondents, an officer and an agency of the United States, to accord Petitioner the due process of law to which he is entitled under the Fifth and Fourteenth Amendments of the United States Constitution.

3. This Court has jurisdiction under 28 USC §2241(c)(1) and (3) and the Suspension Clause of the United States Constitution, Art.1 §9, cl.2, as presently the Petitioner is

1

wrongfully in United States Immigration & Customs Enforcement ("USICE") custody under color of the authority of the United States, and such custody is in violation of the Constitution of the United States.

4. Further, Petitioner is asserting that he is a citizen and national of the United States and Defendants have wrongfully placed him in USICE custody and have failed to issue him the proper documentation to establish his nationality and citizenship to the United States.

5. This Court may grant relief pursuant to 28 U.S.C. §1361 (Mandamus Act), 28 U.S.C. §1651 (All Writs Act), 28 U.S.C. §2201 (Declaratory Judgment Act) and under 5 U.S.C. §701 *et seq.* (Administrative Procedures Act of the "APA").

6. That this action also involves Plaintiff's right to due process in obtaining a passport to allow a United States Citizen travel back into the United States after travel abroad.

## VENUE

7. Venue lies in this Court pursuant to 28 U.S.C. §1391 (e). The Petitioner is in removal proceedings in Chicago, Illinois upon issuance of a Notice to Appear ("NTA") by the USICE, Chicago Field Office, located in the Northern District of Illinois. Further, no real property is involved, and the Respondents are the United States, an employee or official of an agency thereof, and an agency thereof.

## PARTIES

8. Petitioner is a native of Jordan and a citizen of the United States who is currently in the constructive custody of the Respondents.

9. The United States Immigration & Customs Enforcement is part of the Department of Homeland Security, a Federal Agency organized and existing under 8 U.S.C. §1551.

10. Respondent, JULIE L. MYERS (hereinafter "MYERS"), is Assistant Secretary for the USICE whose duty is the administration and enforcement of all functions, powers, and duties of the USICE. Myers is being sued in her official capacity only.

11. Respondent MICHAEL B. MUKASEY ("Mukasey") is the Attorney General of the United States. Mukasey is responsible for overseeing the Department of Justice and the Executive office for Immigration Review. Mukasey is being sued in his official capacity only.

12. Defendant CONDOLEEZZA RICE, the Secretary for the U.S Department of State ("DOS"), is being sued in her official capacity only. Pursuant to 22 C.F.R. §51.44, Defendant Rice, through her delegates, has authority to adjudicate and issue U.S. passports filed with any U.S. Passport Office.

13. Respondent Michael Chertoff ("Chertoff") is the Secretary of the Department of Homeland Security, which overseas the USICE & the United States Citizenship & Immigration Services ("USCIS"). Chertoff is being sued in his official capacity only.

FACTS and SPECIFIC ALLEGATIONS

14. The Petitioner is a native of Jordan and Israel, born in Jerusalem, of Palestinian descent. He has been a lawful permanent resident ("LPR") of the U.S. since his approval of his immigrant visa filed by his United States Citizen father on December 29, 1981. He entered the U.S. as a LPR on February 6, 1982.

15. On or about 1988, Petitioner filed a request for naturalization with the then Immigration & Naturalization Service ("INS"). He met with Immigration Officer, Paula Price, who conducted an interview concerning his eligibility for naturalization. INS officer Price advised him that his application was approved and administered an oath of allegiance on March 2, 1988. The petition was then filed with the Clerk of the Northern District of Illinois for issuance of a naturalization certificate. (Exhibit A, Copy of the Petition for Naturalization located under seal in the National Archives and Records Administration).

16. On or about March 23, 1988, Petitioner was convicted in the Third County Court, Hidalgo County, Texas for the Offense of Criminal Possession of a controlled substance, to wit: Marijuana. On or about August 18, 1989, Petitioner was also convicted in Harris County, Texas, for the offense of Criminal Possession of a controlled substance, to wit: Marijuana.

17. On or about December 7, 1989, the INS paroled Mr. Ayesh into the United States for purposes of determining his eligibility to remain in light of his criminal offenses. At that time when Mr. Ayesh entered the U.S., he did not have in his possession a U.S. passport.

18. On or about August 16, 2002, Mr. Ayesh pleaded guilty to the offense of "false use of a social security number" in the District Court for the Western District of Louisiana. He was required to serve six months incarceration for the offense, with credit for time served.

19. That sometime in October 4, 2001, the Department of Homeland Security issued a Notice to Appear alleging Mr. Ayesh was not a citizen of the United States and that he was removable from the U.S. owing to his criminal offense. It appears that sometime thereafter, Mr. Ayesh was detained by the USICE and placed before an Immigration Judge in Oakdale, LA. He spent several years in Oakdale, LA in USICE custody before he was finally released. Mr. Ayesh had argued before the Immigration Judge that he was not removable because he is a U.S. Citizen.

20. On or about 2004, Mr. Ayesh was able to obtain a Passport from the U.S. Passport Office confirming his United States Citizenship. (Exhibit B).

21. On or about March 24, 2005, Mr. Ayesh received a letter from the U.S. Department of State indicating that his passport was being revoked because the DHS had "erroneously issued you an letter verifying that you became a naturalized U.S. Citizen on March 2, 1988". (Exhibit C). The Department of State did not provide Mr. Ayesh any opportunity to contest this finding or allow a hearing to contest the revocation.

22. Mr. Ayesh is presently before Immigration Judge Vinikoor in Chicago, Illinois for removal proceedings. His final hearing is scheduled for January 31, 2008. During this hearing date, the Immigration Judge will make a finding that Mr. Ayesh is removable from the United States and order his removal based upon the allegations in the Notice to Appear. The DHS is alleging, in a separate Notice to Appear dated April 8, 2004, that he is also removable

from the United States because of his criminal offenses and for falsely representing himself to be a U.S. Citizen.

## CAUSE OF ACTION

23.     Petitioner is entitled to due process of law under the Fifth and Fourteenth Amendments. The Fifth and Fourteenth Amendments provide that no state shall deny *any person* of life, liberty, or property, without due process of law. The Fifth Amendment has been held to protect even aliens who are unlawfully present in the United States. Plyer v. Doe 457 US 202 (1982).

24.     Petitioner is not being afforded the due process of law entitled to him. Respondents are constructively holding Petitioner and have not conducted a finding as to whether he is a U.S. Citizen.  Petitioner followed all appropriate regulations and procedures when he obtained his citizenship.  Specifically, under 8 U.S.C. §§ 1447(a) & (b), an applicant for naturalization must appear before an open court for a final hearing and examination under oath for purposes of naturalization.  However, an applicant is exempt from appearing in open court so long as an employee designated under 8 U.S.C. § 1446(b) has conducted a preliminary examination.

25.     Petitioner properly appeared before an immigration officer and was administered an oath and sworn allegiance to the United States.  That application was then filed with the District Court, Clerk's office and the Petition was granted and a certificate number was issued.  Exhibit A, attached hereto, clearly indicates this.  As such, Mr. Ayesh was "sworn-in" by the Immigration Officer in 1988 and a certificate number was issued.  Therefore, Mr. Ayesh is a citizen of the United States.

26.     The Respondent's correspondence to Mr. Ayesh in 2005, also indicates that he became a naturalized U.S. Citizen on March 2, 1988, but that it was "erroneously issued".  If this is the case, the Respondents must follow procedures concerning the de-naturalization of an

individual. *See* 8 U.S.C § 1451(a).   Until they do so, he remains a lawful citizen of the United States.

27. Federal Courts have consistently determined and decided that it is unconstitutional to deport a U.S. Citizen. *See Trop v. Dulles,* 356 U.S. (1957); *Ng Fung H. Ho v. White,* 259 U.S. 276 (1922).

28. Respondent's must also issue Petitioner a citizenship certificate and or a passport as evidence of his U.S. Citizenship.  Petitioner filed an application with the USCIS on February 21, 2006, for issuance of a new citizenship certificate. (Exhibit D).   Said application has yet to be adjudicated.

29. Further, Pursuant to 22 C.F.R. §51.44, Defendant Rice, through her delegates, has authority to adjudicate and issue U.S. passports filed with any U.S. Passport Office.

30. In the alternative, under 22 C.F.R. § 51.80 – 51.89, the Department of State is required to permit Mr. Ayesh a hearing to contest the revocation of his U.S. Passport. Respondents have failed to notify Mr. Ayesh concerning any hearing date.

31. Petitioner has been forced to resort to this Court for relief and the Petitioner is entitled to attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA")  5 U.S.C. § 1604.

WHEREFORE, Petitioner prays that this Court issue:

A. An order from this Court declaring that Petitioner is a U.S. Citizen and that Defendants' have violated his constitutional rights in placing him in removal proceedings;

B. An order indicating that Defendant, U.S. Department of State's, position in refusing to issue Plaintiff a new U.S. passport to allow him to enter the United States to be an error of law, arbitrary and capricious;

B.  An order in the form of a writ of mandamus compelling Respondent Rice to grant Plaintiff a U.S. Passport and the USCIS to issue him a replacement naturalization certification;

C.  An injunction barring Respondent, Department of State, from asserting any provision of 22 C.F.R. §§51.4(h) and 51.70(a) against Plaintiff;

D.  Awarding Plaintiff reasonable attorney's fees pursuant to 28 U.S.C. §2412 for failure of the Respondents to perform their duties within a reasonable amount of time; and

E.  Granting such other relief at law and in equity as justice may so require.

> Respectfully submitted,
> HATEM AHMAD AYESH
>
> By:_____
> Saadia Siddique
> Attorney for Petitioner

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that she caused this Notice to be served upon the below-listed addressees by mail service by 5:00 p.m. on January 25, 2007.

Assistant United States Attorney
219 South Dearborn, 5th Floor
Chicago, IL 60604
**Via Certified Mail Delivery**

| | |
|---|---|
| Condoleezza Rice<br>Secretary<br>U.S Dept. of State<br>2201 C Street, NW<br>Washington, DC 20520 | Immigration and Customs Enforcement<br>U.S. Department of Homeland Security<br>425 I Street NW, Room 6100<br>Washington, DC 20536 |
| Office of the US Attorney General<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530 | Michael Chertoff<br>Secretary, DHS<br>Washington, DC 20528 |

_____
Saadia Siddique

Kriezelman, Burton & Associates, LLC.
20 North Clark Street
Suite 725
Chicago, IL 60602
(312) 332-2550
ssiddique@krilaw.com