## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HATEM AYESH | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 08 C 542 |
| v. | ) | |
| | ) | Judge Matthew Kennelly |
| U.S. IMMIGRATION AND CUSTOMS | ) | |
| ENFORCEMENT, JULIE L. MEYERS, | ) | |
| ASSISTANT SECRETARY; MICHAEL B. | ) | |
| MUKASEY, UNITED STATES ATTORNEY | ) | |
| GENERAL; U.S DEPARTMENT OF STATE, | ) | |
| SECRETARY CONDOLEEZZA RICE; | ) | |
| DEPARTMENT OF HOMELAND SECURITY, | ) | |
| SECRETARY MICHAEL CHERTOFF, | ) | |
| | ) | |
| Respondents. | ) | |

### RESPONDENTS' MOTION TO DISMISS

The federal respondents, by and through their attorney, Patrick J. Fitzgerald, the United States

Attorney for the Northern District of Illinois, hereby move to dismiss the complaint filed by petitioner

Hatem Ayesh.   In support of this motion the respondent states:

1.    The complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of

subject matter jurisdiction because petitioner challenges the propriety of the initiation of removal

proceedings against him and under 8 U.S.C. §1252(g), review of removal proceedings is barred.

Furthermore, petitioner Ayesh has not exhausted his administrative remedies as prescribed by the

immigration statute. *See* 8 U.S.C. §1252(b)(5)(A), (B) and (C); §1252(d)(1); *see also Illinois Court*

*Rules and Procedure* Local Rule 81.4(a).    Thus his claims against U.S. DHS, ICE should be

dismissed.

2. There is no subject matter jurisdiction for petitioner's claim against the Department of State as well because jurisdiction does not lie under 8 U.S.C. §1503. Under that statute an individual in removal proceedings may not bring a declaratory action under 28 U.S.C. §2201 for the court to declare him a citizen if that claim is an issue in his removal proceeding.  *See* 8 U.S.C. §1503(a)(1) and (2).

3. Additionally there is no subject matter jurisdiction for a writ of mandamus since the Department of State does not owe a duty to petitioner that is clearly prescribed in the statute, when petitioner does not have the legal entitlement to obtain a United States passport, nor is there jurisdiction for this action under the Administrative Procedures Act or the Declaratory Judgment Act.

4. Finally, the complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted because petitioner Ayesh seeks relief that this Court cannot grant without acting contrary to law.  Thus, should there be jurisdiction in this case, which there is not, the claims against the Department of State should be dismissed on this basis as well.

Respondents have submitted a memorandum of law in support of this motion.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/:Sheila McNulty
    SHEILA McNULTY
    Special Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-8788