UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HATEM AYESH )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>U.S. IMMIGRATION AND CUSTOMS )<br>ENFORCEMENT, JULIE L. MEYERS, )<br>ASSISTANT SECRETARY; MICHAEL B. )<br>MUKASEY, UNITED STATES ATTORNEY )<br>GENERAL; U.S DEPARTMENT OF STATE, )<br>SECRETARY CONDOLEEZZA RICE; )<br>DEPARTMENT OF HOMELAND SECURITY, )<br>SECRETARY MICHAEL CHERTOFF, )<br>)<br>Respondents. ) | Case No. 08 C 542<br><br>Judge Matthew Kennelly |

**RESPONDENTS' RETURN TO THE HABEAS CORPUS PETITION
AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Petitioner, Hatem Ayesh (Ayesh), has filed the instant case seeking a writ of habeas corpus, as well as declaratory, mandamus and injunctive relief to "compel the Respondents . . to accord Petitioner the due process of law to which he is entitled . . ." (Petit. ¶2). Specifically he asserts that he is a United States Citizen, and as such he states that Respondents have "wrongfully placed him in U.S. Immigration and Customs Enforcement (ICE) custody and that the Department of State (Department) has failed to issue him the proper documentation to establish his nationality and citizenship to the United States." (Petit. ¶4).

The respondents collectively by and through their attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, oppose this petition and complaint on the basis that there is no subject matter jurisdiction and petitioner fails to state a claim upon which relief

may be granted. This court does not have and should not exercise jurisdiction over petitioner's claims because he first must exhaust his claims that he is a United States citizen before the administrative authorities which petitioner is currently in the process of doing before the Board of Immigration Appeals (BIA). The State Department should be dismissed from this case in its entirety for a variety of jurisdictional reasons since they are not the agency that is adjudicating Ayesh's claim that he is a citizen of the United States.

## Introduction

Ayesh is a 47 year-old male who was born in Jerusalem and originally immigrated to the United States as a lawful permanent resident on February 6, 1992. Ayesh claims that he became a naturalized citizen of the United States after he submitted a naturalization application in 1988. Immigration authorities contest these claims and contend that Ayesh's naturalization application was still pending in 1988 and 1989 when he was convicted on drug charges which would render him removable from the United States if he was not in fact naturalized as he contends. As proof of the validity of his claims, Ayesh points to his receipt of a United States passport which he received in 2004. The State Department acknowledged that the passport was issued in error to a non-national, and in 2005, took appropriate action and revoked the passport.

The immigration judge who heard Ayesh's case pointed out that the facts underlying Ayesh's claims span over 20 years and creates a record that is "a quagmire of conflicting evidence, various arguments, and unknown facts." Nevertheless, in an extremely thorough, 33 page decision, on January 31, 2008, the immigration judge denied Ayesh's case and ordered him removed from the United States. Ayesh has appealed that case to the BIA, where his claims are now pending. If the BIA rules against him, Ayesh can appeal the BIA's decision to the Seventh Circuit Court of Appeals.

Rather than letting the case go through the normal appellate process, Ayesh asks this court to step into the quagmire and conduct its own inquiry into the facts which are currently pending before the administrative authorities. This the court cannot and should not do.

## Argument

I.     **The Court Lacks Subject Matter Jurisdiction Over This Petition for a Writ of Habeas Corpus and As Such the Case Should Be Dismissed.** [1]

   A.     **Petitioner's Claim That the Respondents DHS, ICE Have Wrongfully Placed Him In Removal Proceedings is Barred by 8 U.S.C. §1252(g).**

The party invoking jurisdiction bears the burden of establishing its requirements. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559-60 (1992). Ayesh therefore must come forward with "competent proof" supporting his jurisdictional allegations. *See NLFC, Inc. V. Devcom Mid-America, Inc.,* 45 F.3d 231, 237 (7th Cir. 1995); *see also Kontos v. United States Dept. Of Labor,* 826 F.2d 573, 576 (7th Cir. 1987). To the extent that Ayesh claims that he is improperly in removal proceedings and subject to the custody of U.S. ICE, that argument is clearly barred by the statute at 8 U.S.C. §1252(g). The statute provides: ". . .no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Supreme Court has "emphasized that Congress clearly intended to bar judicial review of a decision to commence

---

[1] While petitioner is not currently in the actual custody of the respondents ICE, he is out on a $5000 bond set by the immigration judge in Oakdale, Louisiana in 2004 when Board of Immigration Appeals dismissed the appeal in the previous case pending against him at that time. (Govt. Ex. 1). The respondents note that the habeas statute requires that the petitioner be "in custody" at the time of filing the petition. 28 U.S.C. Sec. 2241(c)(3). However, under current case law the respondents acknowledge that because of the bond which restricts his freedom and movement, he would likely satisfy the 'in custody' requirement, and therefore it is not at this time an issue for consideration before the court. *See Maleng v. Cook,* 490 U.S. 488, 491 (1989); *Phifer v. Clark,* 115 F.3d 496, 500 (7th Cir. 1997) and *Vargas v. Swan,* 854 F.2d 1028 (7th Cir. 1988).

removal proceedings, stating that the purpose of section 1252(g) is to 'give some measure of protection . . . to discretionary determinations' of the Attorney General and to prevent 'separate rounds of judicial intervention outside the streamlined process that Congress has designed.'" *Chapinski v. Ziglar,* 278 F.3d 718, 720, 721 (7th Cir. 2002)(quoting *Reno v. American-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 142 L.Ed. 2d 940, 119 S.Ct. 936 (1999)). The challenge that Ayesh asserts regarding the propriety of his removal proceedings lies before the immigration court and the BIA, which is where his case is pending. As the *Chapinski* case noted, "in the absence of a due process violation, the district court is only justified to intervene in an administrative process because of delays in hearings and review in extraordinary circumstances." 278 F.3d 721, citing *Wright v. Califano,* 587 F.2d 345, 352 (7th Cir. 1978). Ayesh has not been denied any hearing or process in this case, he simply wants to avoid the prescribed administrative process by filing an action in district court which, by statute, must be resolved initially by the BIA and then the Seventh Circuit. *See* 8 U.S.C. §1503(a); 8 U.S.C. §1252(b)(5)(A) and (B).

While there is an exception to the general statutory bar at 8 U.S.C. §1252(g), that exception is limited to the "rare cases which present 'substantial constitutional issues,' or 'bizarre miscarriages of justice,' issues over which the administrative agencies lack the jurisdiction to decide." *Bhatt v. Reno,* 204 F.3d 744, 746 (7th Cir. 1999)(quoting *Singh v. Reno,* 182 F.3d 504, 507, 509-510 (7th Cir. 1999) and *LaGuerre v. Reno,* 164 F.3d 1035, 1040 (7th Cir. 1998). In Ayesh's case, the administrative process is equipped to deal with his claims, and the statute sets forth the mechanism by which he will have access to all forms of review on all of his claims. *See* 8 U.S.C. §1503(a) (Proceedings for Declaration of United States Nationality); 8 U.S.C. §1229a, (Removal Proceedings); 8 U.S.C. §1252(b)(5)(B): "If the petitioner claims to be a national of the United States and the court of appeals

finds that a genuine issue of material fact about the petitioner's nationality is presented the court shall transfer the proceeding to the district court . . ." Thus, a mechanism exists under the statute for his claim of citizenship, and pursuant to 8 U.S.C. §1252(g), the district court does not have jurisdiction at this time to review petitioner Ayesh's claims regarding the commencement or adjudication of removal proceedings. Such review is only appropriate after review by the BIA, and subsequently the Seventh Circuit.

      **B.**      **Petitioner Has Failed to Exhaust His Administrative Remedies Which the Local Rules and Applicable Statute Require in This Case.**

Petitioner is currently in removal proceedings pending at this time before the BIA. (Petit. ¶7, and Govt. Ex. 2). The issue of whether Ayesh is a naturalized United States citizen is currently being litigated before the BIA, and there is no final order from the BIA at this point. (Govt. Ex. 3, Oral Decision of the Immigration Judge). Pursuant to Local Rule 81.4(a) of the *Illinois Court Rules and Procedure, Local General Rules* in habeas corpus proceedings in removal cases: "[w]here an appeal from an order of an Immigration Judge is permitted by law, the petition must show that the alien has taken such an appeal to the Board of Immigration Appeals *and that the appeal has been denied."* (Emphasis added). Clearly an appeal has been filed, and the briefing schedule has been set, but the BIA has not issued a final order with respect to this appeal. (Govt. Ex.2).

Furthermore, under the relevant immigration statute at 8 U.S.C. §1503(a), Immigration and Nationality Act (INA) §360(a), a declaratory judgment action may be brought by a person denied a right or privilege as a national of the United States on the basis that he is not a national. However, a person may not bring a declaratory action "in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding . . .or (2) is an issue in any such removal proceedings." 8 U.S.C. §1503(a). Courts have consistently

5

followed this statutory language in applying the statutory exception to Section 1503's provision for filing a declaratory judgment action. *See Chau v. INS,* 247 F.3d 1026, n.2 (9th Cir. 2001); *Said v. Eddy,* 87 F.Supp.2d 937 (D. Alaska 2000); *Duran v. Reno,* 1998 WL 54611 (S.D.N.Y. 1998), *aff'rd.* 165 F.3d 13 (2d Cir. 1998); *Garcia-Sarquiz v. Sazbe,* 407 F.Supp. 789 (S.D. Fl. 1974), *aff'rd. Sub nom. Garcia-Sarquiz v. Levi,* 527 F.2d 1389 (5th Cir. 1976).

The concept of Section 1503(a)(1) and (2) makes sense in light of the exhaustion requirements established in the statutory scheme envisioned by Congress to adjudicate these kinds of claims. Once the petitioner files an appeal to the Board, as in the present case, the Board will issue its decision and there will then be a final administrative order which, if adverse to petitioner, he may pursue through a petition for review at the Seventh Circuit. 8 U.S.C. § 1252(b)(5), as amended by the REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005). At that point, the statute provides for a determination to be made by the Court of Appeals as to whether or not there is a genuine issue of material fact concerning nationality. 8 U.S.C. §1252(b)(5)(A). Should the court decide that there is no genuine issue of material fact, it will decide the nationality claim. *Id.* If the court determines that there is indeed a genuine issue of material fact then it shall transfer the proceeding to the district court for a new hearing on the nationality claim. 8 U.S.C. §1252(b)(5)(B); *see also Chau v. INS,* 247 F.3d 1026(9th Cir. 2001). Petitioner Ayesh has not followed the statutory process that has been established to exhaust these types of claims as his case is in removal proceedings, and the issue of his "citizenship" is one of the issues in the appeal pending before the Board at this time.

The statute and case law are clear that Ayesh must exhaust his administrative remedies before a court would have jurisdiction over his immigration claims. *See Cardoso v. Reno,* 216 F.3d 512, 518 (7th Cir. 2000); *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002); *Gonzalez v. O'Connell,* 355 F.3d

1010, 1016 (7th Cir. 2004)(generally, individuals may not seek relief in federal courts before "the parties exhaust prescribed administrative remedies"). As a general rule, parties must exhaust their available administrative remedies before seeking relief from the federal courts. *Yanez v. Holder,* 149 F.Supp.2d 485, 489 (N.D. Ill. 2001)(citing *McCarthy v. Madigan,* 503 U.S. 140, 144-45 (1992). There are two fundamental purposes for the exhaustion requirement: protecting administrative authority and promoting judicial efficiency." 503 U.S. 145; *see also, Weinberger v. Salfi,* 422 U.S. 749, 765 (1975).

The Seventh Circuit has held that there are "explicit statutory requirements in certain sections of the INA and a comprehensive administrative review scheme exists." *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002)(citing 8 U.S.C. §1252(d)(judicial review of final orders where the alien has exhausted administrative remedies); *Singh v. Reno,* 182 F.3d 504, 511 (7th Cir. 1999); *Mojsilovic v. INS,* 156 F.3d 743, 748 (7th Cir. 1998); *Castaneda-Suarez v. INS,* 993 F.2d 142, 144045 (7th Cir. 1993). While Ayesh has brought his case in district court seeking habeas review, mandamus and declaratory judgment, he and respondents ICE continue to litigate his removal proceedings before the BIA which encompass the very issues he presents to the district court. (*See* Govt. Ex. 3, and Petit. ¶19, 22, 24-26, and 31 (A)). As the *Iddir* court held, there is a "comprehensive administrative scheme" which Ayesh is attempting to sidestep by filing this action. 301 F.3d at 498.

While there are exceptions to the exhaustion doctrine, none of them apply in this case. Ayesh has a clearly defined remedy which is available to him in which his claims are being adjudicated by administrative bodies who have expertise in adjudicating such claims and permitting that process to proceed can hardly be considered futile. *See Gonzalez,* 355 F.3d 1016; *Iddir,* 301 F.3d 498 (internal quotations and citations omitted). While Ayesh may frame his case as a constitutional challenge, his

case actually involves the application of the immigration statute, its relevance and effect on his claim to citizenship and the factual issues surrounding that claim. (Petit. ¶¶ 14-22). And as the Seventh Circuit determined in *Gonzalez,* "the question becomes, whether, by framing his challenge as one of constitutionality, with the statutory issue as a mere predicate to that argument, a detainee . . . may skip bringing the statutory issue before the BIA." *Gonzalez,* 355 at 1017. The court answered the question: "[a]s a general rule, the answer to that question must be no." *Id.* Since Ayesh is a "petitioner with a statutory argument that has a reasonable prospect of affording him relief," he may not "skip the administrative process and go straight to a federal court by simply reconstituting his claim as constitutional and claiming futility." 355 at 1010, 1018; *see also Health Equity Resources Urbana, Inc. v. Sullivan,* 927 F.2d 963, 965 (7th Cir. 1991). Requiring Ayesh to exhaust his administrative remedies makes sense, especially under the quagmire of facts presented by his case. The BIA should be given the opportunity to review the claims regarding the disputed nationality claims, and decide whether or not they would invalidate the removal order, before this court or any other starts the process over again. As the Seventh Circuit reiterated in *Gonzalez,* "we must bear in mind that the Agency has particular expertise in interpreting the INA." 355 F.3d at 1017. "Exhaustion concerns apply with particular force . . . when the agency proceedings in question allow the agency to apply its special expertise." *Id.* citing *McCarthy,* 503 U.S. at 145.

      The BIA, in developing case law and examining the facts and circumstances of individual cases involving the issues of nationality and their effect on removal orders, is the appropriate body with the required expertise and specialized knowledge to make the initial determination in Ayesh's case regarding the claims. In Ayesh's case, if the BIA agreed with his argument on appeal, then it would have the authority to terminate the removal proceedings outright or to remand to the

immigration judge. Without exhausting his remedies, though, petitioner Ayesh's case must fail for lack of jurisdiction pursuant to 8 U.S.C. §1252(d) and Section 1503(a).

II.  **Petitioner Has Also Failed to Establish Subject Matter Jurisdiction Against the Department of State and Secretary Rice, and the Complaint must be Dismissed under Fed. R. Civ. Proc. 12(b)(1).**

Ayesh's claims against the Department of State should be dismissed for a variety of jurisdictional reasons, and especially since the State Department has nothing to do with Ayesh's claims that he is a citizen of the United States. As the party invoking the subject matter jurisdiction of the court, petitioner bears the burden of demonstrating that the court has the requisite subject matter jurisdiction to grant relief that the petitioner requests. *Gibbs v. Buck,* 307 U.S. 66 (1939); *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936); *Holloman v. Watt,* 708 F.2d 1399, 1401 (9th Cir. 1983); *cert. denied,* 466 U.S. 958 (1984). Petitioner must additionally demonstrate a waiver of sovereign immunity to establish the court's jurisdiction. *F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994). Petitioner has failed in each of these efforts against the Department.

   A.  **There is No Subject Matter Jurisdiction Under 28 U.S.C. §1361 as Ayesh Has No Clear Right to the Relief Sought, the Agency Has No Clear Duty to Act, and Other Remedies Are Available to Him in The Administrative Process.**

Petitioner Ayesh prays for a writ of mandamus compelling defendant Rice to issue him a passport. Petit. p. 7 at ¶B. Petitioner, however, alleges mandamus jurisdiction over a claim that does not exist in the statute or in any regulation, and no independent basis has been established that would entitle him to mandamus relief against the State Department.

28 U.S.C. §1361 is a remedy, it is not an independent basis for jurisdiction. If a court does not have jurisdiction under another statute, it lacks the authority to issue a writ of mandamus to

resolve petitioner's claims. *See Starbuck v. City and County of San Francisco,* 556 F.2d 450, 459 n.18 (9th Cir. 1977); *see also Andrean v. Secretary of United States Army,* 840 F.Supp. 1414, 1420 (D.Kan. 1993)(citing *Craig v. Colburn,* 414 F.Supp. 185, 193 (D. Kan. 1976, *aff'd,* 570 F.2d 916 (10th Cir. 1978))("It does not confer an independent basis of jurisdiction but rather merely supplies a permissible remedy in actions otherwise properly brought on independent jurisdictional grounds."). That independent basis has not been established in this complaint.

This complaint for mandamus must be dismissed because petitioner cannot assert any "clear right to the relief sought; nor can he assert that the defendants have a "clear duty to perform;" or finally, that "no other adequate remedy is available." *See Iddir v. INS,* 301 F.3d 492, 499 (7th Cir. 2002); *Blaney v. U.S.,* 34 F.3d 509, 513 (7th Cir. 1994). The extraordinary remedy of mandamus "is traditionally available to compel a ministerial duty owed by the agency and then only when the statute defining that duty is 'clear and free from doubt.'" *Banks v. Secretary of Indiana Family and Social Services Admin.,* 997 F.2d 231, 244 (7th Cir. 1993)(citing cases). The courts therefore, cannot compel a federal official to perform any function, through a writ of mandamus, "unless the official is clearly directed by law to do so." *Id.* (citing *Save the Dunes Council v. Alexander,* 584 F.2d 158, 162 (7th Cir. 1978)); *accord Independence Mining Co. v. Babbitt,* 105 F.3d 502, 508 (9th Cir. 1997)("An agency 'ministerial act' for purposes of mandamus relief has been defined as a clear, non-discretionary agency obligation to take a specific affirmative action, which obligation is positively commanded and 'so plainly prescribed as to be free from doubt.'")(citations omitted).

Moreover, Ayesh must show that his right to the issuance of a United States passport is clear and indisputable. Ayesh has failed to satisfy that burden because first, a United States passport may only be issued to a United States national, see 22 U.S.C. §212 and 22 C.F.R. §51.2(a), and second,

the issuance of United States passports is a discretionary function authorized to the Secretary of State, and if a duty is discretionary it is not owed. *Perkins v. Elg,* 307 U.S. 325 (1939). In this case, respondent State Department owes no duty to issue a passport to Ayesh before his citizenship claims have been fully established or finally adjudicated, and the grant and issuance of passports is a discretionary act reserved for the Secretary of State. 22 U.S.C. §211a & 212; *see also Haig v. Agee,* 453 U.S. 280, 293 (1981); *Perkins,* 307 U.S. at 350; and 22 C.F.R. §§51.20, 51.23, 51.40 ("The applicant has the burden of proving that he or she is a U.S. citizen or non-citizen national"), 51.60(b), 51.61(b) Additionally, Congress has long recognized the authority of the executive branch to withhold passports as "[m]atters intimately related to foreign policy and national security are rarely proper subjects for judicial intervention." *Haig,* at 292, 293.

Ayesh cannot establish the first two elements for mandamus relief, even assuming he established a separate basis for jurisdiction, and he cannot meet the third element because he *does* have another adequate remedy at law, and that is to continue to pursue his administrative remedies through the immigration court and BIA, and if necessary the Court of Appeals. That process provides an alternative, indeed mandatory, and adequate remedy for Ayesh to present his nationality claim. That adjudication may have a favorable result for Ayesh, which would ultimately allow him to apply for a passport based upon United States citizenship. However, until that adjudication is complete, there is no basis upon which the State Department may issue a passport to him, much less have a duty to do so.

    **B.  The Court Does Not Have Jurisdiction To Consider Ayesh's Claim Under 8 U.S.C. 1503, the Declaratory Judgment or the Administrative Procedures Act .**

The Declaratory Judgment Act does not confer jurisdiction on this court since it merely . "provides an additional remedy where jurisdiction already exists." *Amoakowaa v. Reno*, 94 F.Supp.2d

11

at 906, *citing Balanyi v. Local 1031, Int'l Brotherhood of Elec. Workers AFL-CIO,* 374 F.2d 723, 725 (7th Cir. 1967); *see also Nucor Corp. V. Aceros Y Maquila de Occidente,* 28 F.3d 575, 577 (7th Cir. 1994). 28 U.S.C §2201 confers no jurisdiction independently, but must be alleged in conjunction with 8 U.S.C. §1503, which provides jurisdiction in certain circumstances to seek a declaratory judgment and challenge a denial of a right or privilege on the ground that the plaintiff is a non-national. As demonstrated exhaustively in section I.B. above, which applies with equal force to the claims against the State Department, petitioner may *not* avail himself of jurisdiction under section 1503 because that statute specifically provides that *individuals in removal proceedings cannot avail themselves of the benefit of the statute*. The rationale underlying this statutory exclusion is, as described above, to ensure that individuals not circumvent the administrative and judicial regime expressly prescribed by Congress in removal cases.

In *Duran v. Reno,* 1998 WL 54611 (S.D.N.Y.1998), the district court concluded that it lacked jurisdiction because review based upon former INA §106, 8 U.S.C. §1105a(5)[2] (now Sec. 1252(b)(5)) was the exclusive way to gain review of the administrative finding of alienage: "If an individual subject to deportation proceedings could seek review directly in a district court simply by applying for a Certificate of Citizenship, or by filing a suit for declaratory or injunctive relief, §106's requirement that claims of citizenship raised during a deportation proceeding must be brought first in a circuit court would be undermined severely." *See also Williams v. Kennedy,* 209 F.Supp. 282(D.N.J. 1962). Therefore, subject matter jurisdiction does not lie under declaratory judgment and INA Section 1503. 8 U.S.C. §1252(b)(5)(A), (B), and (C).

---

[2] In 1996 AEDPA (Antiterrorism and Effective Death Penalty Act of 1996, P.L. No.104-132, 110 Stat.. 1214 (April 24, 1996) repealed INA Sec. 106 and substituted INA Sec. 242 to govern judicial review.

The Administrative Procedures Act (APA) does not provide petitioner Ayesh with jurisdiction either. He alleges jurisdiction in his complaint under 5 U.S.C. §701, et. seq., however, the U.S. Supreme Court has held that the "APA does not afford an implied grant of subject matter jurisdiction permitting federal judicial review of agency action." *Califano v. Sanders,* 430 U.S. 99, 107 (1977). In interpreting *Califano* in a case involving the loss of U.S. citizenship the Seventh Circuit held that the APA "was held [in *Califano*] not to confer jurisdiction on the federal courts to review administrative decisions but merely to prescribe how that jurisdiction, once conferred by some other statute is to be exercised." *Bensky v. Powell,* 391 F.3d 894, 895-96 (7th Cir. 2004)(applying *Califano* to bar an APA action in case brought under Section 1503 challenging a citizenship determination by the Department). Thus there is no jurisdiction under the APA to review the administrative action in this case.

**C.   Petitioner Cannot Establish Jurisdiction under 28 U.S.C. §1331 Since He Has Not Demonstrated a Waiver of Sovereign Immunity by the Government.**

Finally, petitioner Ayesh cannot establish jurisdiction in this case under 28 U.S.C. §1331, which confers jurisdiction in civil actions where the matter in controversy arises under the Constitution, laws, or treaties of the United States. However, federal question jurisdiction does not waive the United States' immunity from suit. *Holloman v. Watt, supra* at 1401. While that statute confers subject matter jurisdiction on the district court for actions that arise under the Constitution and laws of the United States, the statute itself is not a general waiver of sovereign immunity. *Randall v. United States,* 95 F.3d 339, 345 (4th Cir. 1996).

**III.   Petitioner Fails to State a Claim Upon Which Relief May Be Granted (Rule 12(b)(6))**

In addition to the jurisdictional defects in his prayers for relief, the district court does not have

the statutory authority to provide Ayesh with relief on any of these grounds alleged against the Department of State. Ayesh's claims that he is a United States citizen are properly pending before the BIA, and the State Department has nothing to do with adjudicating these claims. The district court does not have a basis upon which to grant relief from the removal proceedings, nor may it, in the first instance, declare petitioner Ayesh a citizen. *See also* 8 U.S.C. §1252(g), §1252(b)(5)(A) and §1252(d)(1); 8 U.S.C. §1503(a)(1) & (2).

Furthermore, in his prayer for other claims of relief from the court, petitioner Ayesh seeks to have a new passport and he also seeks an injunction barring the Department from asserting any provision of 22 C.F.R. §§ 51.4(h) and 51.70(a) against him. The claim regarding the issuance of a passport must fail, as previously stated because a passport may only be issued to a United States national and it may only be issued by the Secretary of State. 22 U.S.C. §211a and §212. This claim of citizenship is currently in dispute and in litigation before the BIA, and upon that review and the possible review by the Court of Appeals, his claim to citizenship and the benefits he may receive from that will derive from that point forward, but this court does not have the power to grant relief to petitioner in the first instance. *See* 8 U.S.C. §1252(b)(5).[3]

While the Department of State did issue Ayesh a U.S. Passport, number 028120642 on September 1, 2004, it was issued upon the basis of the US CIS letter received on May 24, 2004 verifying that he had become a naturalized U.S. citizen on March 2, 1988. (Petit. Ex. B, C; *see also*

---

[3] Additionally, petitioner Ayesh fails to allege that he submitted a timely and current passport application with recitals of current facts, supporting documents and current photographs. 22 U.S.C. §213 provides that before a United States passport can be issued the applicant "shall subscribe and submit a written application which shall contain a true recital of each and every matter of fact which may be required by law or by any rules authorized by law." Even if he is found to be a United States citizen, Ayesh will have to file a new and timely passport application, including all supporting information, before he could bring the allegations he sets forth in the current litigation.

Govt. Ex. 3 pages 21, 23-25).  As soon as the Department of State was notified of the fact that US CIS had issued the May 24, 2004 letter in error, the Department acted properly in revoking petitioner's passport on March 24, 2005.  (Petit. Ex. C).  Under the regulations in effect at that time, a U.S. Passport could and should be revoked if it was issued to a non-national.  *See* 22 C.F.R. §§51.72 & 51.2(a), citing 22 U.S.C. §212.  This remains the law today.  *See* 22 C.F.R. §§51.62 & 51.2(a) (effective February 1, 2008); 22 U.S.C. §212.  When the Department received a letter from the district director of U.S. CIS, Chicago (Govt. Ex.4) requesting that the Department of State take appropriate action to revoke petitioner's passport, it was because he had never completed the naturalization process to obtain U.S. citizenship.  After review of this information and the applicable law, the Department of State revoked his passport in accordance with the appropriate regulations, and notified petitioner of the decision in a letter dated March 24, 2005.  *See* 22 U.S.C. §212; 22 C.F.R. §51.2 and Govt. Ex. 3, pages 21-22; 22 C.F.R. §51.72 & 51.80(a)(1)(effective through January 31, 2008)(now 22 C.F.R. § 51.62 & 51.70(b)(1)).

## Conclusion

For all of the foregoing reasons the defendants respectfully request that the case be dismissed in its entirety for lack of jurisdiction and a failure to state a claim on which relief may be granted.

        Respectfully Submitted,

        PATRICK J. FITZGERALD
        United States Attorney

        By: <u>s/: Sheila McNulty</u>
          SHEILA McNULTY
          Special Assistant U.S. Attorney
          219 S. Dearborn Street
          Chicago, Illinois 60604
          (312) 353-8788