UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Hatem AYESH ) | |
| A37 381 078 ) | |
| ) | |
| Petitioner. ) | |
| ) | |
| vs. ) | Case No. 08 C 542 |
| ) | |
| U.S. IMMIGRATION AND CUSTOMS ) | |
| ENFORCEMENT, JULIE L. MYERS, Assistant ) | Judge Matthew Kennelly |
| Secretary; MICHAEL B. MUKASEY, United ) | |
| States Attorney General; U.S. DEPARTMENT ) | |
| OF STATE, Secretary Condoleezza RICE; ) | |
| DEPARTMENT OF HOMELAND SECURITY, ) | |
| Secretary Michael Chertoff ) | |
| ) | |
| Respondents. ) | |

**RESPONSE TO RESPONDENTS' MOTION TO DISMISS COMPLAINT**

NOW COMES the Petitioner, HATEM AYESH, by and through his attorney, SAADIA SIDDIQUE of Kriezelman, Burton & Associates, LLC, and in response to Respondents' Motion to Dismiss his Complaint for Writ of Habeas Corpus states as follows:

**Factual Background**

On January 31, 2008, Immigration Judge Robert D. Vinikoor ordered Mr. Ayesh removed from the United States and denied his applications for relief. On February 27, 2008, Mr. Ayesh submitted a timely appeal to the Board of Immigration Appeals ("BIA") of the Immigration Judge's decision. His appeal to the BIA is pending and, as such, Mr. Ayesh does not have a final administrative order of removal.

Although Mr. Ayesh was in the physical custody of the U.S. Immigration & Customs Enforcement ("ICE") office for almost three years, an Immigration Judge in

1

Oakdale, Louisiana released him upon payment of a bond in the amount of $5,000. He is presently not in the physical custody of ICE.

On March 2, 1988, Mr. Ayesh appeared before the former Immigration & Naturalization Service and met with an officer who conducted his application for naturalization. On that date, he was given an "oath of allegiance" and sworn in as a U.S. Citizen. The form indicating his oath and signature specifies that his Petition was granted and Certificate No. "12765432" was issued. (See "Exhibit A" previously provided with Mr. Ayesh's complaint filed on January 24, 2008). Several weeks later, he was convicted in Texas for the offense of possession of a controlled substance and on August 18, 1989, he was convicted again for possession of a controlled substance.

## Argument

Respondents have argued that this court does not retain jurisdiction over this complaint and that it "should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction". (Resp. Memo. in Support of Mtn. to Dismiss ("Motion"), page 3). In examining a Rule 12(b)(1) motion to dismiss, "a district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir.1999). Also, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id*.

**A. Mr. Ayesh is in the constructive custody of the Department of Homeland Security and therefore this Court has jurisdiction in habeas corpus to**

**determine whether such custody is in violation of the laws or Constitution.**

The Suspension Clause of the United States Constitution and 28 U.S.C. sections 2241(c)(1) and (3) grant district courts jurisdiction to issue writs of habeas corpus. The Writ may be used to "challenge[] the Executive interpretations of the immigration laws" and to challenge "detentions based on errors of law…" *INS v. St. Cyr*, 533 U.S. 289, 300-02 (2001).

Fundamental to the proper filing of a petition for a writ of habeas corpus is that the petitioner be in custody; it is, after all, that custody that a petitioner is challenging. (The "writ of habeas corpus shall not extend to a prisoner unless... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).) The Supreme Court has recognized that "custody" need not include physical confinement, but can also include what has been termed "constructive custody." *Rumsfield v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 2719 (2004) ("Our understanding of custody has broadened to include restraints short of physical confinement.") As the Seventh Circuit Court of Appeals has stated, "History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus." *Vargas v. Swan*, 854 F.2d 1028 (7th Cir. 1988), citing *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

In fact, in their footnote 1 at page 3 of their Motion, Respondents concede that Mr. Ayesh is in custody. Therefore, the habeas provisions apply to him.

Respondents cite to 8 U.S.C. §1252(g) for the contention that this court lacks jurisdiction to hear Mr. Ayesh's claim that he is improperly in the custody of the Defendants. First, the statute provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any *alien* arising from the decision or action by the Attorney General to commence proceedings, …". 8 U.S.C. §1252(g) (emphasis added). The statute clearly applies to aliens only and in this case, the underlying contention Mr. Ayesh makes is that he is not an "alien" but in fact a U.S. Citizen. Second, an exception exists and the statute does not apply where a "miscarriage of justice" would occur. *See LaGuerre v. Reno,* 164 F.3d 744, 746 (7th Cir. 1999). Mr. Ayesh challenges the initiation of removal proceedings against him because he is a U.S. Citizen. Because the Department of Homeland Security is contending that he is not a U.S. Citizen and the IJ has decided the same, he continues to be subject to removal from the United States. Further, if the BIA affirms the IJ's decision, Mr. Ayesh's removal order becomes final and the ICE can seek to remove him immediately from the United States, without regard to his Citizenship claim.

The courts have long recognized the harsh consequences of deportation and removal. The Supreme Court has called deportation the equivalent of "banishment" and "a sentence to life in exile." *Fong Haw Tan v. Phelan*, 333 U.S. 6 (1948); *Jordan v. DeGeorge*, 341 U.S. 223 (1951). Indeed, "to banish [a person] from home, family and adopted country is punishment of the most drastic kind." *Lehmann v. U.S.*, 353 U.S. 685, 691 (1957) (Black, J., concurring). Removal of a U.S. citizen is not just banishment; it is unconstitutional under any circumstance. *Trop v. Dulles*, 356 U.S. 86 (1957); *Ng Fung Ho v. White*, 259 U.S. 276 (1922). The Fifth Amendment mandates that any individual

4

with a non-frivolous claim to citizenship receive a judicial evaluation of that claim. In *Ng Fung Ho*, the Supreme Court found that this constitutional right "would be violated by the deportation of two men following executive proceedings, and directed that writs of habeas corpus issue to permit federal district court review of their citizenship claims." *Rivera v. Ashcroft,* 394 F.3d 1129, 1136 *citing Ng Fung Ho* at 284-85.

In *Rivera v. Ashcroft,* the Ninth Circuit held that the district court has jurisdiction over an individual's claim to U.S. Citizenship. The Ninth Circuit held that because the petitioner's claim to U.S. citizenship was not "patently frivolous", habeas relief was available. *Rivera* at 1138. Further, the exceptional circumstances in this case limit the application of any jurisdictional stripping provisions because Respondents are denying Mr. Ayesh any benefits conferred by his U.S. Citizenship status.

If Mr. Ayesh is a citizen, the Department of Homeland Security never had jurisdiction to issue the Notice to Appear and place him in proceedings. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an *alien* may be arrested and detained ...") (emphasis added); 8 U.S.C. § 1227 (listing classes of deportable *aliens*) (emphasis added); 8 U.S.C. § 1229 (providing process of issuance of the Notice to Appear to an alien). If Mr. Ayesh is a citizen, the Immigration Court could not order his removal. *Trop v. Dulles*, 356 U.S. 86 (1957); *Ng Fung Ho v. White*, 259 U.S. 276 (1922). To do so would be a violation of the Constitution of the United States. *Id*.

Likewise, restrictions on court review imposed by 8 U.S.C. § 1252 (including restrictions on habeas corpus and relief under sections 1361 and 1651 of title 28 of the U.S. Code) do not apply to citizens, but only to aliens, as only aliens can be ordered removed. Mr. Ayesh is not contesting the appropriateness of the removal order, were he

5

an alien. Rather, he is contesting the Immigration Court's ability to even enter the order.

Further, the REAL ID Act of 2005 does not foreclose Mr. Ayesh's habeas petition. The REAL ID ACT, which came into effect on May 11, 2005, generally eliminated all district court habeas jurisdiction over orders of removal. However, the legislative history of the REAL ID Act makes it clear that Congress did not intend to 'preclude habeas review of challenges that are independent of challenges to removal orders' (H.R. Rep. No. 109-72, at 175). Although Mr. Ayesh is challenging his order of removal to the BIA and it remains pending, he is not challenging the IJ's removal order to this court. Rather, he is challenging the constitutionality of the issuance of Respondents' placement of him in removal proceedings as he is not an "alien". Because he was granted citizenship in 1988 when the INS granted his petition of naturalization and issued him a certificate number, a material fact which Respondents dispute, he did not need the Immigration Court to grant him citizenship, merely to recognize it.

This court must have, at a minimum, jurisdiction to determine its jurisdiction. "A primordial element of our jurisprudence is that federal courts have jurisdiction to determine whether they have subject matter jurisdiction." *Shannon v. Shannon*, 965 F.2d 542 (7th Cir. 1992). If Mr. Ayesh is an alien, then this Court's review of a removal order is indeed prohibited. However, if Mr. Ayesh is a citizen, then he is not subject to deportation or removal, and improper and unconstitutional restraint is indeed being imposed upon his liberty. If Mr. Ayesh is a citizen, then he can properly seek relief through a writ of habeas corpus, a writ of mandamus, and the Declaratory Judgment Act; he is not restricted in his relief.

**B. Mr. Ayesh is not required to exhaust his administrative remedies and this court has authority to direct the Department of State follow its correct procedures when it revoked his passport.**

Respondents argue that there is an "administrative process [] equipped to deal with his claims, and the statue sets for the mechanism by which he will have access to all forms of review on all of his claims." (Motion, p. 4). As such, Mr. Ayesh has failed to exhaust his administrative remedies since his case is presently before the BIA. However, to wait for a final decision on 8 U.S.C. § 1231(a)(1), (3) requires that an alien shall be removed within 90 days of the order of removal. As indicated above, Mr. Ayesh does not have to exhaust his administrative remedies (or wait for the BIA to render its decision) because he is not an alien. Further, the exhaustion requirements do not apply to Mr. Ayesh's circumstances.

Respondents are attempting to argue that Mr. Ayesh needs to exhaust his administrative remedies and that there is a clear statutory scheme available to him to address his claims. (Motion, p. 8). Contrary to Respondents' characterization, Mr. Ayesh is not skipping his administrative process by filing his complaint with this court. If Mr. Ayesh were challenging the removal order, then he would be barred because an appeal to the Board would be the correct course of action. The REAL ID Act sections 1252(a)(5) and 12421(a)(2)(D) provide that appeals of final administrative removal orders must be made to the U.S. Court of Appeals. Mr. Ayesh is not challenging the removal order to this court. As indicated by the Immigration Judge's decision, Mr. Ayesh has not made a claim that the Immigration Judge incorrectly found that he was not eligible for certain

forms of relief or that he is an "aggravated felon" and thus, is removable fro the United States.

Further, under the Suspension Clause, which the Immigration Judge did not address in his decision or any other constitutional challenge, a claim to citizenship survives jurisdiction if it is not "patently frivolous." *See Iasu v. Smith,* 511 F.3d 881, 891 (9th Cir. 2007). Thus, it would be futile for Mr. Ayesh to forward his constitutional challenges to the Immigration Judge and then the BIA because an Immigration Judge has no authority to review constitutional claims. The BIA does not, therefore, have "particular expertise" in the area of whether Mr. Ayesh is a citizen and that his constitutional rights have been violated because they lack the authority to do so. *Gonzalez v. O'Connell,* 355 F.3d 1010, 1016 (7th Cir. 2004).

Pursuant to 8 C.F.R. § 337.2(b), an Immigration Judge and the Attorney General, through his designates, has the authority to administer an oath of allegiance. Based upon the documentation that Mr. Ayesh received confirming his U.S. Citizenship status, he applied for and received a U.S. Passport. In fact, when the Department of State questioned Mr. Ayesh's right to a passport, the immigration service confirmed that he was eligible to receive the same. Not until he was placed in removal proceedings and the Government's attorney questioned his U.S. Citizenship status, did the Department of Homeland Security change its position that he was not eligible for the passport. As indicated by the letter attached with Respondents' Motion, the passport office then sought to revoke issuance of it.

Although a passport is not evidence of citizenship, the Respondents', specifically the Department of State, was required to follow proper procedure when it revoked Mr.

Ayesh's passport.  Contrary to the Respondents' Motion, Mr. Ayesh has established that the Department of State has a clear duty to follow its regulations and allow Mr. Ayesh an opportunity to contest the revocation and view the evidence the Department has utilized in its decision to revoke his passport. *See Iddir v. INS,* 301 F.3d 492, 499 (7th Cir. 2002); *Blaney v. U.S.,* 34 F.3d 509, 513 (7th Cir. 1994).  Further, the Department of State's revocation of Mr. Ayesh's passport does not amount to a loss of citizenship.  As the D.C. Circuit Court stated in *Gillars v. United States,* "the revocation of a passport, nothing more appearing, does not cause loss of citizenship or dissolve the obligation of allegiance arising from citizenship. A passport is some, though not conclusive, evidence of citizenship. It is a valuable and useful documentation, particularly as an aid to travel and as identification in foreign lands; but the absence or revocation of a passport does not deprive an American of citizenship." *Gillars v. United States,* 182 F.2d 962, 980 (D.C. Circuit, 1950).

While Mr. Ayesh would have to reapply for a new passport because the Department of State has revoked it, his eligibility to obtain a passport which would allow him to travel and confer other rights associated with it, has been violated.  Mr. Ayesh has a clear right to seek review of the Department's illegal actions and its continued denial of a new passport to him.  This court, therefore, does have the authority to issue a writ of mandamus to compel the Department of State to follow its procedures and to permit Mr. Ayesh a new passport until his citizenship claims have been properly decided.

## Conclusion

This Court has jurisdiction over the instant case, and relief can be granted in accordance with Mr. Ayesh's claims. Plaintiff requests that this Honorable Court deny

9

Defendants' Motion to Dismiss and permit Petitioner the opportunity to move forward with his Petition on the merits.

                                              Respectfully Submitted,
                                              Hatem Ayesh


                                        By:  /s/ Saadia Siddique

Saadia Siddique
KRIEZELMAN BURTON & ASSOCIATES, LLC
20 N. Clark Street, Suite 725
Chicago, IL 60602
(312) 332-2550
(312) 782-0158
ssiddique@krilaw.com

**CERTIFICATE OF SERVICE**

I, SAADIA SIDDIQUE, Esq., attorney for the Plaintiff, do certify that on June 22, 2008, and in accordance with FED. R. CIV. P. 5, Local Rule 5.5, and the General Order on Electronic Case Filing, I served a copy of the attached **Memorandum in Response to Defendants' Motion to Dismiss** via electronic filing to Sheila McNulty, Special Assistant U.S. Attorney for the Northern District of Illinois, and that it is available for viewing and downloading on the ECF system.

s/Saadia Siddique

Saadia Siddique
KRIEZELMAN BURTON & ASSOCIATES, LLC
20 N. Clark Street, Suite 725
Chicago, IL 60602
(312) 332-2550
(312) 782-0158
ssiddique@krilaw.com