IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HATEM AYESH,                              )
                                          )
      Petitioner,                  )
                                          )
vs.                                       )   Case No. 08 C 542
                                          )
U.S. IMMIGRATION &                        )
CUSTOMS ENFORCEMENT, et. al.,             )
                                          )
      Respondents.                 )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Hatem Ayesh, who is in "removal" (deportation) proceedings in Chicago, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 as well as declaratory, mandamus, and injunctive relief to "compel the Respondents . . . to accord [him] the due process of law to which he is entitled." Pet. ¶ 2. Specifically, Ayesh contends that he is a United States citizen but that in spite of this status, he has been wrongfully placed in United States Immigration and Customs Enforcement (ICE) custody and denied a passport and citizenship certificate by the United States Department of State. Respondents ICE, United States Attorney General Michael B. Mukasey, the Department of State, and the Department of Homeland Security (DHS) have moved to dismiss Ayesh's petition for lack of subject matter jurisdiction and failure to state a claim. For the reasons stated below, the Court denies respondents' motion without prejudice.

1

## Background

Ayesh, a native of Jordan and Israel,[1] immigrated to the United States on February 6, 1982 as a permanent resident. Sometime prior to March 2, 1988, Ayesh filed a request for naturalization. Immigration officer Paula Price conducted a naturalization interview of Ayesh on March 2, 1988. That day, Ayesh filed his completed petition for naturalization with the clerk's office of the United States District Court, Northern District of Illinois, Eastern Division. A copy of the signed petition reflects that Price administered the oath of allegiance to Ayesh and granted his petition and that naturalization certificate number 12765432 was issued in Ayesh's name. *See* Pet. Ex. A at 2-3.

Three weeks later, on March 23, 1988, Ayesh was convicted in a Texas court of criminal possession of a controlled substance (marijuana). He was convicted of criminal possession a second time on August 18, 1989. DHS seeks to deport him based upon these convictions and upon the assertion that Ayesh made a false claim to citizenship on August 26, 2006, when he returned from Mexico to the United States.

On October 4, 2001, the DHS arrested Ayesh, alleging that he was not a citizen of the United States and that he was removable from the United States as a result of his criminal convictions. During his removal hearing in Oakdale, Louisiana, Ayesh admitted that he had been convicted of the offenses but contended that he was a United States citizen and as such was not removable. While these proceedings were ongoing, on August 16, 2002, Ayesh pled guilty to the false use of a social security

---

[1] Ayesh was born in Jerusalem in 1961, at a time when Jordan controlled the West Bank; Israel now does.

number in the District Court for the Western District of Louisiana and was sentenced to a six month term of imprisonment. He remained in custody in Louisiana while his immigration case was pending until some point in 2004, when, after again being charged as removable from the United States, he was released on a $5000 bond.[2]

After his release on bond, using a copy of his petition for naturalization, Ayesh obtained a United States passport. *See* Pet. Ex. B. On March 24, 2005, however, he received a letter from the State Department informing him that his passport was being revoked because DHS had "erroneously issued [him] an [sic] letter verifying that [he] became a naturalized U.S. citizen on March 2, 1988." Pet. Ex. C at 1. The letter went on to say that a review of Ayesh's file had revealed that he never completed the naturalization process and that he was therefore not a United States citizen. *Id.* Finally, the letter directed Ayesh to surrender his passport immediately to the State Department. *Id.* at 2.

Ayesh filed this petition on January 24, 2008, alleging that respondents have unlawfully constructively detained him and seeking a writ of habeas corpus, a writ of mandamus, and declaratory and injunctive relief. Specifically, he asks the Court to (1) find that he is a U.S. citizen whose constitutional rights respondents have violated by placing him in removal proceedings, (2) find that the State Department's refusal to issue him a new U.S. passport is unlawful, (3) issue a writ of mandamus compelling the Secretary of State to grant him a passport and compelling United States Citizenship and Immigration Services (USCIS) to issue him a naturalization certificate, (4) enjoin

---

[2] Ayesh was apparently charged in 2001 with being an inadmissible arriving alien; in 2004, DHS charged him with removability due to his criminal convictions.

the State Department from asserting certain provisions relating to passport invalidity; and (5) award him reasonable attorney's fees pursuant to the Equal Access to Justice, 28 U.S.C. § 2412.

On January 31, 2008, the immigration judge (IJ) in Chicago found that Ayesh is removable from the United States based on his previous criminal convictions and ordered that he be deported to Israel. Ayesh appealed that decision to the Board of Immigration Appeals (BIA), where his appeal is now pending.

Respondents moved to dismiss Ayesh's petition on May 13, 2008.

## Discussion

Respondents base their motion to dismiss on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). "In ruling on a motion under Rule 12(b)(1), [a] district court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." *Capitol Leasing Co. v. Fed. Deposit. Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (citations omitted). To determine whether subject matter jurisdiction exists, "the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue." *Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003) (internal quotation marks and citation omitted).

In deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). To avoid dismissal, the allegations need only "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'"

4

*EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atl. Corp.*, 127 S. Ct. at 1965).

Respondents contend that the Court lacks subject matter jurisdiction over Ayesh's habeas petition because 8 U.S.C. § 1252(g) bars his claim that DHS and ICE wrongfully placed him in removal proceedings and because he has failed to exhaust administrative remedies as required by statute.[3]

Section 1252(g) states that "except as provided in this section and notwithstanding any other provision of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g). The Supreme Court has stated that the purpose of the provision "is to 'give some measure of protection . . . to discretionary determinations' of the Attorney General, and to prevent 'separate rounds of judicial intervention outside the streamlined process that Congress has designed.'" *Chapinski v. Ziglar*, 278 F.3d 718, 721 (7th Cir. 2002) (quoting *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 (1999)).

Respondents note that another part of section 1252 already provides for review of Ayesh's citizenship claims: if the BIA affirms the IJ's order of removal, Ayesh can petition the court of appeals to review the final administrative order. *See* 8 U.S.C. § 1252(b)(5)(B), as amended by the REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005)

---

[3] Respondents do not dispute that because petitioner has been released on a $5000 bond set by an IJ, he is in "custody" for purposes of his habeas corpus claim, as required under 28 U.S.C. § 2241(c)(3). *See Vargas v. Swan*, 854 F.2d 1028, 1033 (7th Cir. 1988).

("If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented the court shall transfer the proceeding to the district court. . . for a new hearing on the nationality claim and a decision on that claim."). If the court of appeals determines that there is no genuine issue of fact as to a petitioner's claim of citizenship, it decides the claim itself. *See id.* § 1252(b)(5)(A). Respondents contend that to permit Ayesh to skip the prescribed administrative process would unnecessarily duplicate the proceedings concerning his claim of citizenship.

Ayesh disputes that the jurisdictional bar of section 1252(g) applies to him. By its own terms, he argues, the provision refers only to aliens; Ayesh asserts that he is a United States citizen.

In general, "congressional intent to limit federal jurisdiction . . . must be clear and convincing to preclude judicial review." *Iddir v. I.N.S.*, 301 F.3d 492, 496 (7th Cir. 2002) (citations omitted). To extend the jurisdiction-stripping reach of section 1252(g) to a group of people not expressly covered by it—United States citizens—the Court must have clear and convincing evidence that Congress intended such a result. Respondents have provided no such evidence. Instead, they argue that the BIA is "the entity that has been established by Congress to deal with these claims, and the immigration statute sets forth the mechanism by which [Ayesh] will have access to all forms of review on all of his claims." Reply at 3.

The statutory scheme that respondents reference provides for review of orders of removal against aliens and, eventually, for the adjudication of citizenship claims as part of that review. But in his petition, Ayesh contests his very placement in removal

6

proceedings, not the order of removal against him. The statutory scheme respondents describe does not address this Court's jurisdiction over a habeas corpus petition relating to the initial placement of a United States citizen in removal proceedings. Without such clear and convincing evidence, it would be inappropriate to apply a jurisdictional prohibition against a person who does not fall within its express scope. Thus, because only an "alien" is subject to the general jurisdictional bar of section 1252(g), the bar does not apply to Ayesh if he is a United States citizen—an issue the parties dispute.

As Ayesh argues, the Court always has jurisdiction to determine its jurisdiction. *See Ceta v. Mukasey*, 535 F.3d 639, 646 (7th Cir. 2008) (stating that "a court 'has jurisdiction to determine whether there is jurisdiction'") (citations omitted); *Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir. 1992) ("A primordial element of our jurisprudence is that federal courts have jurisdiction to determine whether they have subject matter jurisdiction."). Accordingly, to determine whether the statute bars the Court's jurisdiction over Ayesh's petition, the Court must determine whether Ayesh is an alien or a citizen—a subject to which the Court will later return.

Ayesh challenges respondents' argument that he has failed to exhaust his claims administratively in the BIA and before the court of appeals, on the ground that that procedure applies only to appeals of removal orders. *See* 8 U.S.C. § 1252(b) (entitled "Requirements for review of orders of removal").[4] Ayesh concedes that the REAL ID

---

[4] Similarly, Northern District of Illinois Local Rule 81.4, "Habeas Corpus Proceedings in Removal Cases," refers on its face to habeas corpus petitions challenging orders of removal and is therefore not applicable to this case.

Act "generally eliminated all district court habeas [corpus] jurisdiction over orders of removal" and that if he "were challenging the removal order, then he would be barred because an appeal to the Board would be the correct course of action." Pet. Resp. at 7. But again, Ayesh is not challenging the order of removal. Instead, he challenges DHS's placement of him, as a United States citizen, in removal proceedings, arguing that the restraint on his liberty is unconstitutional. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an *alien* may be arrested and detained pending a decision on whether the alien is to be removed from the United States") (emphasis added).

In reply, respondents essentially contend that Ayesh's argument that he challenges his placement in removal proceedings—and not the order of removal—is a distinction without a difference. The Court disagrees. Ayesh's challenge to being placed in removal proceedings as a United States citizen is a constitutional attack; he argues that the proceedings themselves, from the moment of their initiation, have constituted an unconstitutional restraint on his liberty.[5] When exhaustion is not mandated by statute, the Court "must balance the individual and institutional interests involved," excusing exhaustion when, for example, "substantial constitutional questions

---

[5] At least two circuits have held that district courts retain jurisdiction over habeas challenges to detention that do not challenge orders of removal. *See Kellici v. Gonzales*, 472 F.3d 416, 419 (6th Cir. 2006) ("Where a habeas case does not address the final order, it is not covered by the plain language of the [REAL ID] Act."); *Hernandez v. Gonzales*, 424 F.3d 42, 42-43 (1st Cir. 2005) (noting that the Act's legislative history indicates that the jurisdiction-stripping provisions "were not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders'") (quoting H.R. Rep. No. 109-72, at 2873 (May 3, 2005)).

are raised." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). Ayesh is not simply "reconstituting his [statutory] claim as constitutional" in order to "skip the administrative process." *Id.* at 1018. Exhaustion of his habeas corpus claim through administrative avenues is therefore not required.

In sum, because the Court's jurisdiction to hear Ayesh's suit turns to a significant extent on whether or not he is a citizen, the Court must make that determination before proceeding.

**Conclusion**

For the foregoing reasons, the Court denies without prejudice respondents' motion to dismiss [docket no. 13]. The parties are directed to appear on October 9, 2008, for the purpose of setting a schedule for an evidentiary hearing on petitioner's claim of United States citizenship. The Court assumes that, consistent with the prior representations of respondents' counsel, there is no risk that petitioner will be removed from the United States before that date. Counsel may wish to consider, however, what measures (if any) the Court should take to ensure that no such removal will occur while the present case is pending.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 26, 2008